UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH M. SMEATON,<br><br>Defendant. | Case No. 83-cr-00213-SI-1<br><br>Case No. 16-cv-6828 SI<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 84 |

Defendant Keith Smeaton has filed a *pro se* motion pursuant to 28 U.S.C. § 2255. Dkt. No. 84. Defendant filed supplemental materials in support of his motion, Dkt. Nos. 85-86, and the government has filed an opposition. Dkt. No. 89. Pursuant to the Court's scheduling order, defendant's reply brief was due March 26, 2018. Dkt. No. 87. Defendant did not file a reply brief or request an extension of the filing deadline. The Court finds that the record and briefing are sufficient to rule on the pending motion.

In 1983, defendant pled guilty to one count of wire fraud and was sentenced by Judge William W Schwarzer of this court to two years' imprisonment. Dkt. No. 84 at 18.[1] Defendant was ordered to voluntarily surrender, but failed to appear and instead traveled to England. *See generally United States v. Smeaton*, 762 F.2d 796 (9th Cir. 1985). In December 1983, defendant returned to the United States under an assumed name and was arrested, and in 1984 he was convicted by a jury of bail jumping in violation of 18 U.S.C. § 3150. *Id.* at 797. The Ninth Circuit affirmed the bail jumping conviction, finding *inter alia* that the government proved that

---

[1] This order refers to the page numbers in the upper right hand portion of the documents.

1 defendant's bail jumping was "willful," and that there was sufficient evidence from which the jury
2 could find the defendant sane beyond a reasonable doubt. *Id*. at 797-98.

On February 12, 1985, defendant filed a *pro se* motion pursuant to 28 U.S.C. § 2255 challenging his conviction for wire fraud. Dkt. No. 84 at 18-41. Judge Schwarzer denied the motion in a letter dated April 11, 1985. *Id*. at 17. From the papers before the Court, it does not appear that defendant appealed Judge Schwarzer's April 11, 1985 ruling.

Defendant originally filed the current section 2255 motion in the Ninth Circuit Court of Appeals on June 5, 2017, and the motion was transferred to this Court on November 28, 2017. Dkt. No. 84. The motion consists of a letter to the Ninth Circuit, along with a number of documents as attachments. Although somewhat difficult to decipher, it appears that defendant is requesting the Court to remove any references to his criminal case from the internet. *Id.* at 3-4. Defendant also asserts that his criminal convictions for wire fraud and bail jumping are "moot" and "bogus" because of prosecutorial misconduct and ineffective assistance of counsel, and that defendant has new evidence showing that he suffers from dyslexia and that this evidence requires that his convictions be set aside. Defendant also complains about various rulings by Judge Schwarzer and the Ninth Circuit.

The government contends that defendant's motion is moot because defendant has served his sentence and is no longer in custody. The government asserts, and defendant does not dispute, that defendant has long since completed the four year consecutive sentence for the wire fraud and bail jumping convictions. It appears that defendant currently resides in London, as his recent filings list London addresses, and his section 2255 motion states that the presence of information regarding his criminal case on the internet is "prejudicing me internationally." Dkt. No. 84 at 3.

The Court finds that it lacks jurisdiction over defendant's section 2255 motion. "By its clear terms, § 2255 is applicable only to prisoners in custody claiming the right to be released." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding defendant who solely challenged restitution order and did not seek release from custody could not bring a motion under section 2255). The "in custody" requirement is jurisdictional. *See United States v. Reves*, 774 F.3d 562, 564-65 (9th Cir. 2014). Accordingly, because defendant is not "in custody" and does

2

not seek relief available under section 2255, the Court dismisses the motion for lack of jurisdiction. *See id*.

**IT IS SO ORDERED**.

Dated: April 3, 2018            _____
SUSAN ILLSTON
United States District Judge