UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KEITH M. SMEATON,<br>Defendant. | Case No. 83-cr-00213-SI-1 (JD)<br><br>**ORDER RE RECUSAL**<br>Re: Dkt. No. 95 |

Pro se defendant Keith M. Smeaton filed various documents with the Court which the presiding judge, United States District Judge Susan Illston, construed to include a request that she recuse herself from the case due to bias. Dkt. No. 96. Judge Illston would have been well within the law to consider and rule on the motion herself, *see National Abortion Federation v. Center for Medical Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017), but pursuant to the district's local rules and undoubtedly out of an abundance of caution, she referred the recusal request for reassignment to another judge. The motion was referred to the undersigned, Dkt. No. 97, and it is denied.

Sections 144 and 455 of Title 28 of the United States Code govern a motion for disqualification of a federal judge from a case. Section 144 requires as a prerequisite a "timely and sufficient affidavit" from the party alleging bias, which was not filed here. But even if that failure could be excused for a defendant who is proceeding pro se, the recusal request does not come anywhere close to meeting the standard under either statute. That standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

Defendant's allegations against Judge Illston go solely to her performance as the judge presiding over this case. *See*, *e.g.*, Dkt. No. 95 at 5 (pointing to alleged failure in Judge Illston's order to consider defendant's dyslexia and its debilitating effects on the proceedings; "if DJ did not understand my writings she should have stayed judgment order until she did understand it"); *id*. at 7 ("[t]o support Illison [*sic*] DJ bias against defendant she failed to note that in the related bail jumping case . . . obtained post conviction medical evidence of the debilitating effects of undiagnosed dyslexia at time of conviction . . . .").

These complaints are not grounds for disqualification. The United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). They may be grounds for an appeal, but not for recusal. *Id*. That is all the more true here because defendant does not characterize Judge Illston's rulings as displaying "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id*. at 556. A review of the record amply demonstrates that no reasonable person would ever make such a characterization. It is worth noting that in a letter filed on the docket, defendant apologizes for his recusal motion, calls it "wrong," and suggests that he may have "over-reacted due to the stress and trauma [he has] been experiencing since 1983 to date resulting from these cases." Dkt. No. 100.

Judge Illston's disqualification is not warranted. The motion for recusal is denied.

**IT IS SO ORDERED.**

Dated: October 25, 2018

JAMES DONATO
United States District Judge