UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KEITH M. SMEATON,<br>Defendant. | Case No. 83-cr-00213-SI-1<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION OF APRIL 3, 2018 ORDER; CONSTRUING DEFENDANT'S FILINGS AS REQUESTS FOR PERMISSION TO REOPEN THE TIME TO APPEAL; AND GRANTING DEFENDANT'S REQUEST TO REOPEN TIME FOR APPEAL BUT DENYING A CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 95, 98, 99, 100 |

On November 28, 2017, *pro se* defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Smeaton was convicted in 1983 of wire fraud, and he was convicted in 1984 of bail jumping. Judge Schwarzer of this Court presided over the criminal cases, and Smeaton filed an appeal with the Ninth Circuit, which was denied. Smeaton has long since completed the four-year consecutive sentence for both convictions.

Smeaton's section 2255 motion (1) requested that the Court remove any references to his criminal cases from the internet; (2) asserted that his criminal convictions for wire fraud and bail jumping are "moot" and "bogus" because of prosecutorial misconduct and ineffective assistance of counsel; (3) asserted that defendant has new evidence showing that he suffers from dyslexia and that this evidence requires that his convictions be set aside; and (4) complained about various rulings by Judge Schwarzer and the Ninth Circuit.

In an order filed April 3, 2018, the Court dismissed Smeaton's section 2255 motion for lack of jurisdiction. Dkt. No. 91. The Court held:

> "By its clear terms, § 2255 is applicable only to prisoners in custody claiming the right to be released." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding defendant who solely challenged restitution order and did not seek release from custody could not bring a motion under section 2255). The "in custody" requirement is jurisdictional. *See United States v. Reves*, 774 F.3d 562, 564-65 (9th Cir. 2014). Accordingly, because defendant is not "in custody" and does not seek relief available under section 2255, the Court dismisses the motion for lack of jurisdiction. *See id.*

*Id*. at 2-3. The Court entered judgment the same day. Defendant did not file a notice of appeal.

Since the issuance of the April 3, 2018 order and judgment, Smeaton has filed numerous documents, including a letter that this Court construed as a motion to recuse the undersigned. In an abundance of caution, the Court referred the recusal motion for reassignment to another district court judge. On October 25, 2018, Judge Donato denied the motion for recusal. Dkt. No. 101.

The Court now rules on the remaining pending motions that have been filed since April 3, 2018. Defendant seeks leave to file a motion for reconsideration of the April 3, 2018 order. Defendant also states that he did not receive a copy of the Court's judgment until August 17, 2018. Dkt. No. 95 at 1. Defendant requests that if the Court denies him leave to file a motion for reconsideration, that the Court construe his motion for reconsideration as a notice of appeal.

The Court finds no basis for reconsideration of the prior order, and thus defendant's request for reconsideration, even if it was timely filed, is DENIED.

Defendant's notice of appeal should have been filed by May 3, 2018. *See* Fed. R. App. Proc. 4(a)(1). However, "the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. Proc. 4(a)(6). The Court finds that these conditions have been satisfied. Defendant states he did not receive the judgment until August 17, 2018, and he filed his motion for reconsideration on August 20, 2018. The Court also finds that the government would not be prejudiced by allowing defendant to file a notice of appeal. Accordingly, the Court construes

defendant's August 20 filing as a request to reopen the time to appeal, and so construed, the motion is GRANTED. Defendant shall have 14 days from the filing date of this order to file a notice of appeal. The Court directs the Clerk to serve defendant by both e-mail and through the postal service, as defendant currently resides in London. Defendant is informed that a notice of appeal is filed in the district court. *See* Fed. R. App. Proc. 4(a).

Finally, the Court DENIES defendant a certificate of appealability pursuant to 28 U.S.C. § 2253 because defendant has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, if defendant wishes to file an appeal, he must file a motion for a certificate of appeal with the Clerk of the Court of Appeals for the Ninth Circuit. *See generally* Ninth Circuit Rule 22-4 (located at https://www.ca9.uscourts.gov/rules/).

**IT IS SO ORDERED**.

Dated: October 26, 2018

SUSAN ILLSTON
United States District Judge